# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**HENRY PAUL RICHARDSON,**

       **Petitioner,**

**v.**                                           **Civil Action No. 3:20-CV-53**
                                                          **(GROH)**

**ROBERT HUDGINS,**
**Warden, FCI Gilmer,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 24, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] All CM/ECF references are to the instant case, 3:20-CV-53, unless otherwise noted.

1

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction, Sentence

On April 4, 2006, a grand jury in the Eastern District of Virginia indicted Petitioner and charged him with various drug trafficking, firearm and witness influence offenses. ECF No. 5. Following a jury trial, on June 27, 2006, Petitioner was convicted of: conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 as charged in Count One; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) as charged in Count Two; and possession of a firearm in furtherance of a drug trafficking offense causing the death of another, in violation of 18 U.S.C. § 924(j) as charged in Count Three. ECF No. 77, U.S. v. Richardson, 276 Fed.Appx. 320 (4th Cir. 2008). As to Count 3, "[t]he jury found the killing committed by Richardson in the course of the 924(c) violation was a murder as defined by 18 U.S.C.§ 1111." U.S. v. Richardson, 276 Fed.Appx. at 322.

Petitioner was sentenced on January 5, 2007, to 360 months of imprisonment on Count 1. Counts 2 and 3 were merged and a sentence of life imprisonment was imposed, to be served consecutively to the 360 month sentence imposed on Count 1. ECF Nos. 104, 106.

### B. Direct Appeal

Petitioner filed a notice of appeal with the Fourth Circuit in docket number 07-4058 on January 8, 2007. ECF No. 107. The Fourth Circuit affirmed the judgment of the district court by opinion filed May 9, 2008. ECF No. 128, U.S. v.

---

[2] All CM/ECF references in Sections II.A., II.B., and II.C. refer to entries in the docket of Criminal Action No. 3:06-CR-106 in the Eastern District of Virginia.

2

Richardson, 276 Fed.Appx. 320 (4th Cir. 2008).

### C. Post-Conviction Relief, Including Motions to Vacate under 28 U.S.C. § 2255

Petitioner filed a pro-se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and a memorandum in support thereof, on June 17, 2009.  ECF No. 137[3].  On August 25, 2011, Petitioner filed a supplemental pro se motion to vacate.  ECF No. 172.  Petitioner filed an amended § 2255 motion on November 14, 2011.  ECF No. 176.  On July 26, 2012, the district court denied Petitioner's amended § 2255 motion, dismissed the action and denied a certificate of appealability.  ECF No. 187.  On September 24, 2012, Petitioner filed a notice of appeal.  ECF No. 190.  By unpublished per curiam opinion issued on February 14, 2013, the Fourth Circuit in docket number in 12-7689 denied Petitioner a certificate of appealability and dismissed the appeal.  U.S. v. Richardson, 510 Fed.Appx. 236 (4th Cir. 2013).

Petitioner filed another motion for relief pursuant to §§ 2241 and 2255 on September 21, 2016, which he amended on October 12, 2016.  ECF Nos. 207, 208.  By memorandum opinion and order issued November 21, 2016, the district court dismissed the motion as a second or successive motion.  ECF Nos. 211, 212.

Thereafter, Petitioner filed "a variety of frivolous and vexations motions attempting to challenge his conviction," all of which were denied by the district court in a memorandum order issued October 31, 2017.  ECF No. 226.  On that same date, the district court also denied and dismissed as a second or successive motion the § 2255 motion filed by Petitioner on June 16, 2017.  ECF Nos. 221-4, 228.

On November 13, 2017, Petitioner filed a notice of intent to appeal the denial

---

[3] The motion to vacate was also filed as a civil action, 3:09-CV-382.

3

of his various motions, docketed as ECF Nos. 215, 216 and 217.  ECF No. 229.  By unpublished per curiam opinion issued on April 3, 2018, the Fourth Circuit dismissed the appeal and denied a certificate of appealability.  ECF Nos. 240, 241, U.S. v. Richardson, 717 Fed.Appx. 327 (4th Cir. 2018) (*cert. denied*, 139 S.Ct. 928 (2019)).

On January 16, 2018, Petitioner filed another motion to vacate under § 2255.  ECF No. 236.  The motion was denied by order entered May 31, 2019.  ECF No. 255.

### D. Other Efforts at Post-Conviction Relief[4]

Petitioner previously sought relief under § 2241 from the Eastern District of Virginia in that court's case number 3:19-CV-812.  That court dismissed the petition without prejudice on April 30, 2020, based on Petitioner's failure to satisfy the second prong of In re Jones, 226 F.3d 328 (4th Cir. 2000), because the conduct Petitioner was convicted of committing remains criminal.  ECF Nos. 6 at 4 – 5, 7.  Petitioner appealed the denial to the Fourth Circuit, in an appeal which remains pending in that court's docket 20-6953.  ECF Nos. 8, 9, 10.

### E. Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on March 24, 2020, states a single ground for relief.  ECF No. 1 at 5.  Petitioner contends that he meets all three prongs of the Jones test, and that the holding of Hahn v. Moseley, 931 F.3d 295 (4th Cir. 2019), decriminalized the conduct underlying Richardson's conviction in Count 3.  ECF No. 1-1

---

[4] All CM/ECF references in Section II.D. refer to entries in the docket of Civil Action No. 3:19-CV-812 in the Eastern District of Virginia.

at 7.  For relief, Petitioner requests the Court vacate both his conviction and sentence on Count 3 of the indictment, and remand for resentencing.  ECF No. 1 at 8.

On July 17, 2020, Petitioner filed a motion for an order to show cause.  ECF No. 10.

### III.  LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable

5

merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## IV. ANALYSIS

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. See <u>United States</u>

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

8

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

In the sole ground for relief articulated in the petition, Petitioner claims his conviction and sentence for violations of § 924 were invalidated by the holding of the Fourth Circuit in Hahn v. Moseley.  ECF No. 1-1 at 8.  In his request for relief, Petitioner asks the Court to vacate his conviction under Count 3.  ECF No. 1 at 8.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong.  Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that Petitioner's conduct is no longer deemed to be criminal.  All of the crimes Petitioner was convicted of committing—conspiracy to distribute heroin, in

violation of 21 U.S.C. § 846, possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and possession of a firearm in furtherance of a drug trafficking offense causing the death of another, in violation of 18 U.S.C. § 924(j)—are still violations of law.  Therefore, Petitioner cannot satisfy the second prong of Jones.  Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

      As to his challenge to his sentence, Petitioner seeks to be resentenced on Count 3, "in accordance with the law".  ECF No. 1 at 8.  However, Petitioner's reliance on Hahn v. Moseley is misplaced.  Hahn was convicted in the Tenth Circuit of two firearm possession charges, in violation of § 924(c), and two separate sentences were imposed.  The second conviction was vacated in Hahn because it was "not supported by an independent firearm possession under recent Tenth Circuit precedent."  931 F.3d at 304.  Here, Petitioner was convicted of violations of § 924(c) and § 924(j), and those charges were merged and a single sentence of life imprisonment was imposed on the merged charges.  E.D.Va. 3:06-CR-106, ECF Nos. 104, 106.  Thus, the facts and holding of Hahn is distinguishable from the facts of Petitioner's case, and does not support Petitioner's request for relief.

      As to the challenge to his sentence, because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28

U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In his challenge to his sentence, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Hahn, is distinguishable from Petitioner's case. Further, his reliance on Hahn is faulty. Even if the case was factually similar to his case, Hahn has not been ruled to apply retroactively to cases on collateral review. Therefore, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the remaining prongs of Wheeler. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, as to his claim pursuant to the First Step Act, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.** It is further **RECOMMENDED** that Petitioner's motion for order to show cause [ECF No. 10] be **DENIED.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:     September 21, 2020

                                              /s/ *Robert W. Trumble*
                                              ROBERT W. TRUMBLE
                                              UNITED STATES MAGISTRATE JUDGE