IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

HENRY PAUL RICHARDSON,

        Petitioner,

v.                                                        Civil Action No.: 3:20-CV-53
                                                            (GROH)

ROBERT HUDGINS,
Warden, FCI Gilmer,

        Respondent.

**ORDER OVERRULING PETITIONER'S OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION**

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on September 21, 2020. ECF No. 12. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition be denied and dismissed without prejudice. The Petitioner timely filed his objections to the R&R on October 8, 2020. ECF No. 14. Accordingly, this matter is now ripe for adjudication.

**I. BACKGROUND**

On March 24, 2020, Henry Paul Richardson ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petitioner asserts one ground for relief: vacate count III, a violation of 18 U.S.C. 924, due to the Fourth Circuit's recent decision in Hahn v. Moseley, 931 F.3d 295 (4th Cir. 2019). The procedural posture of this case requires, as Petitioner acknowledges, that his claim can only be brought if he establishes the requirements of § 2255's savings clause.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. However, the Court will address the basis of the Petitioner's objections.

Specifically, the Petitioner argues that Hahn requires his § 924 conviction on count three to be vacated. As Magistrate Judge Trumble aptly explained,

> Hahn was convicted in the Tenth Circuit of two firearm possession charges, in violation of § 924(c), and two separate sentences were imposed. The second conviction was vacated in Hahn because it was "not supported by an independent firearm possession under recent Tenth Circuit precedent." 931 F.3d at 304. Here, Petitioner was convicted of violations of § 924(c) and § 924(j), and those charges were merged and a single sentence of life imprisonment was imposed on the merged charges. E.D.Va. 3:06-CR-106, ECF Nos. 104, 106. Thus, the facts and holding of Hahn is distinguishable from the facts of Petitioner's case, and does not support Petitioner's request for relief.

ECF No. 12 at 10.

To be clear, the Petitioner here was neither convicted of two § 924(c) crimes nor given separate sentences for each of those crimes. Here, the Petitioner was charged under § 924(c) and § 924(j). The latter requires the same predicate conduct making up the former. In other words, one must be guilty of § 924(c) if he is found guilty of subsection (j). Although the Petitioner was convicted under both subjections, the sentencing court merged the two counts and issued a single sentence. Therefore, Hahn is inapplicable, and the Petitioner's requested relief is unavailable for the reasons more fully stated in the Magistrate Judge's R&R.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 12] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Petitioner's Petition is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1. The Clerk of Court is **DIRECTED to TERMINATE all outstanding motions as MOOT**.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner at his last known address as reflected upon the docket sheet by certified mail.

**DATED:** December 28, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE